**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WELLS FARGO BANK, N.A., as Trustee**
**for Option One Mortgage Loan Trust,**

               **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:09-cv-1959-Orl-18DAB**

**JOSE R. DIAZ, JR. et al.,**

               **Defendants.**
_____

## ORDER AND ORDER TO SHOW CAUSE

This matter came before the Court *sua sponte* and upon consideration of Defendant's, Jose R. Diaz, Jr. ("Defendant"), Notice of Removal (Doc. 1). Upon review, and pursuant to 28 U.S.C. § 1446(c)(4), it appears clear that the removal of this case may have been improper. Accordingly, it is

**ORDERED** and **ADJUDGED** that, by no later than **Friday, December 4, 2009**, Defendant shall:

1. File with the Court all copies of the Returns of Service or "Summons Returned" on file in the state court's docket in *Wells Fargo Bank, N.A. v. Diaz et al.*, Case No. 2008-CA-011107-MF (9th Fla. Cir. Ct. 2008);

2. File with the Court a brief notice certifying whether he has complied with 28 U.S.C. § 1446(a) (i.e., whether all named and served Defendants, which were not defaulted, consented to Defendant's removal) and whether he is a citizen of the State of Florida;

3. **SHOW CAUSE**, generally, why this case should be not be remanded to state court for, *inter alia*, failing to timely effect removal within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b), violating the so-called 'Forum Defendant Rule' contained in 28 U.S.C. § 1446(b), and running afoul of the *Rooker-Feldman* Doctrine.[1]

Upon receipt of the foregoing, the Court will review same and determine whether a summary remand to state court is appropriate. Although Defendant is apparently proceeding *pro se*, he is not excused from complying with the Federal removal statues, the Federal Rules of Civil Procedure and the Local Rules of this Court. *See*, *e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Defendant is therefore advised that his failure to timely comply with this Order will result in a summary remand *without any further review*.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 19, 2009.

Copies furnished to:

**Unrepresented Party**

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] *See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1986); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).